THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMINION PIPE & PILING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF KODIAK,<br><br>　　　　　　Defendant. | CASE NO. C16-1699-JCC<br><br>ORDER DENYING CITY OF KODIAK'S MOTION TO CHANGE VENUE |
| DOMINION PIPE & PILING,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>PACIFIC PILE & MARINE, L.P., *et al.*,<br><br>　　　　　　Third-Party Defendants. | |

This matter comes before the Court on Defendant City of Kodiak's motion to change venue (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.  BACKGROUND

Plaintiff Dominion Pipe and Piling, a division of Varstell USA Ltd., is a "supplier and distributor of pipe and piling to construction companies and projects in North America" and does

business in the State of Washington. (Dkt. No. 1-2 at ¶ 1.1; Dkt. No. 9 at 4.) Defendant City of Kodiak is a municipality located in the State of Alaska. (Dkt. No. 1-2 at ¶ 1.2.) In March 2014, Kodiak entered into a written contract (the Contract) with Dominion for the manufacture and delivery of pipe pile for use as structural support in a Kodiak construction project. (*Id.* at ¶ 3.2; Dkt. No. 13-2 at 3.) Dominion claims that the Contract was "entered in Washington State and delivery of the contracted-for product was to and did take place in King County, Washington." (Dkt. No. 1-2 at ¶ 2.2.) Kodiak denies Dominion's allegation, (Dkt. No. 9 at ¶ 2.2), and claims that the Contract was negotiated in Alaska, (Dkt. No. 12 at 6–7).

First, the product was manufactured in China and Third-Party Defendant Intertek Moody International inspected the pipe for conformity to the Contract standards. (*Id.* at ¶ 3.3; Dkt. No. 15 at 6.) Then, Third-Party Defendant Tianjin Reda International Shipping Agency was contracted to transport the product to British Columbia. (*Id.* at 6; Dkt. No. 2-2 at ¶ 3.3). Next, the product was transported to Puyallup, Washington, where Third-Party Defendant Pacific Pile & Marine, L.P., also Kodiak's general contractor, contracted with Farwest to fabricate the pipe into the lengths necessary for the project. (*Id.* at ¶ 3.4.) The product was then transported by truck to Seattle and shipped to Kodiak by Third-Party Defendant Boyer Marine Service. (*Id.* at ¶ 3.5.)

Ultimately, Kodiak determined that the product was allegedly non-conforming and brought a claim to the City Engineer, as required under the Contract. (Dkt. No. 1-2 at ¶ 3.6, 3.7.) The City Engineer and Project Manager, Roe Sturgulewski, reviewed the claim and issued a decision holding Dominion liable for the alleged damage caused by the increased cost to install the product. (Dkt. No. 1-2 at ¶ 3.11; Dkt. No. 9 at 5–6.)

Dominion brought this matter for breach of contract and declaratory relief under its right in the Contract to appeal the original decision to a "forum of competent jurisdiction."[1] (Dkt. No. 1-2 at ¶ 3.12, 6–8.) Kodiak brought a counterclaim for breach of contract, (Dkt. No. 9 at 6), and

---

[1] Kodiak removed the case to federal court from King County Superior Court. (Dkt. No. 1 at 1.)

Dominion brought a third-party complaint for negligence, contribution and indemnification, and breach of contract against Pacific Pile & Marine, Intertek Moody, Tianjin Reda, and Boyer. (Dkt. No. 15 at 5–8.) Kodiak now brings this motion for change of venue to the U.S. District Court for the District of Alaska at Anchorage pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 12.)

## II.  DISCUSSION

### A.  Change of Venue Standard

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a civil action to any other district court in which the action may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The Court must make an individualized, case-by-case determination of convenience and fairness when considering a change in venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Factors that may be considered include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, (8) the ease of access to sources of proof", (9) whether a forum selection clause is present, and (10) the relevant public policy of the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "The convenience of witnesses, particularly nonparty witnesses important to the resolution of the case, is often cited as the most significant factor in ruling on a motion to transfer."15 Fed. Prac. & Proc. Juris. § 3851 (4th ed.); *see, e.g.*, *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005).

The moving party has the burden of showing that the overall convenience of the parties and witnesses, in the interests of justice, weighs in favor of transferring the action. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "[U]nless the balance of factors is *strongly* in favor of the defendants, the plaintiff's choice of forum should rarely be

disturbed." *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) (emphasis added). Further, a defendant has to do more than demonstrate that the transfer "merely shift[s] inconvenience" from one party to another. *Nike, Inc. v. Lombardi*, 732 F. Supp. 2d 1146, 1158 (D. Or. 2010) (citing *Decker*, 805 F.2d at 843).

**B.  Analysis**

1.  Appropriate District Court

The parties do not dispute that Dominion could have brought the action in the U.S. District Court for the District of Alaska. (Dkt. No. 12 at 5; *see generally* Dkt. No. 21.) The Court agrees that the District Court in Alaska would have been an appropriate forum.

2.  Convenience and Interest of Justice Factors

*Location Where the Agreement was Negotiated and Executed*: Kodiak argues that the Contract was negotiated in Alaska because the bid was submitted to the City Manager's office in Kodiak and the terms were negotiated from the parties' respective locations in Canada and Alaska. (Dkt. No. 12 at 6–7.) Kodiak also claims that the Contract was executed when the pipe piles were fabricated in China then transported from Seattle to Kodiak. (*Id.* at 7.) However, Dominion argues that it negotiated the Contract from its Washington offices and performed its obligations under the Contract by delivering the pipe to Kodiak in Seattle. (Dkt. No. 21 at 6–7.) The Court concludes that the Contract was negotiated in Alaska and Washington, but was executed in Washington. Therefore, this factor weighs in favor of denying the motion to change venue.

*State Most Familiar with Governing Law*: The Contract provides that all disputes arising under the contract will be governed by the law of "the State in which the Point of Destination [Seattle] is located." (Dkt. No. 13-2 at 18.) As such, Washington law will govern this dispute. Kodiak argues that the Uniform Commercial Code (UCC), which has been adopted by both Alaska and Washington, governs this case. (Dkt. No. 12 at 8.) However, this bears no weight on the Court's analysis because each state may interpret the UCC with subtle distinctions and the

Contract is clear that Washington law governs any dispute. Therefore, this factor weighs in favor of denying the motion to change venue.

*Plaintiff's Choice of Forum*: Although Dominion originally filed in Washington state court (Dkt. No. 1-2) and this action was removed to federal court (Dkt. No. 1), the Court still finds Dominion's choice to file in Washington, rather than Alaska, persuasive in this analysis. *See Sec. Inv'r Prot. Corp.*, 764 F.2d at 1317. Moreover, Dominion is headquartered in Washington and performed its contract obligations in Washington. Therefore, this factor heavily weighs in favor of denying the motion to change venue. *Id.*

*Parties' Contacts with Washington*: Kodiak, as an Alaskan municipality, does not have strong contacts with Washington. (Dkt. No. 12 at 8–9.) On the other hand, Dominion has a "principal base of operations" in Washington and therefore many contacts with the state. (Dkt. No. 21 at 10.) Pacific Pile & Marine is a Delaware corporation with a principal place of business in Washington. (Dkt. No. 15 at 5.) Intertek Moody and Tianjin Reda are Chinese corporations conducting business in Washington. (*Id.*) Boyer is an Alaska corporation conducting business in Washington. (*Id.*) Taken together, the parties cumulatively have many contacts with Washington. Therefore, this factor weighs in favor of denying a motion to change venue.

*Cause of Action Contacts with Washington*: Although the pipes were fabricated in China, the Contract was indisputably performed in Washington. (Dkt. No. 13-2 at 3.) Kodiak argues that the transfer of custody of the pipes to Kodiak in Seattle makes the contact "minimal." (Dkt. No. 12 at 9.) The Court disagrees. Although Kodiak installed the pipe in Alaska and discovered it was allegedly nonconforming in Alaska, the cause of action itself is centered in Washington where the Contract was performed. Moreover, Kodiak's own general contractor, Pacific Pile & Marine, hired a subcontractor to fabricate the pipe into the lengths needed for the project in Washington. (Dkt. No. 2-2 at ¶ 3.4.)

However, Dominion also claims that Pacific Pile & Marine, when installing the pipe in Alaska, negligently caused the damages alleged by Kodiak when it used "drilling equipment with

ORDER DENYING CITY OF KODIAK'S
MOTION TO CHANGE VENUE
PAGE - 5

the pipe that was not compatible with the pipe." (Dkt. No. 15 at 8.) This means that the cause of action also has strong contacts in Alaska. Therefore, this factor is neutral and does not favor denying or granting the motion to change venue.

*Litigation Costs*: Kodiak argues that the cost of litigation in Washington would be far greater than the cost of litigation in Alaska because Anchorage witnesses will have to be flown to Seattle for trial and Seattle attorneys are much more expensive than Anchorage attorneys are. (Dkt. No. 12 at 10–11.) However, if the case is transferred, the cost of witness travel merely shifts to Dominion. Further, the difference in attorney costs is not significant, as Kodiak has had multiple Alaska attorneys admitted *pro hac vice*, and the location of counsel is not a factor in the Court's analysis. *See FieldTurf USA, Inc. v. Blue Sky Int'l, Inc.*, 2012 WL 4510671, at *4 (E.D. Cal. Sept. 30, 2012). Therefore, this factor weighs in favor of denying the motion to change venue.

*Nonparty Witnesses*: Although this factor is often the most important, "the Court must consider not simply how many witnesses each side has and the location of each, but, rather, the Court must consider the importance of the witnesses." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160–1161 (S.D. Cal. 2005); *see Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335–36 (9th Cir. 1984). Further, the fact that a nonparty witness may be beyond the Court's subpoena power often favors transfer. *See Saleh*, 361 F. Supp. 2d at 1165–66; *Leyvas v. Bezy*, 2008 WL 2026276, at *4 (D. Ariz. 2008).

Kodiak originally claimed that there are six nonparty witnesses located in Alaska, two in Washington, and three elsewhere. (Dkt. No. 12 at 9–10; 11.) The addition of the Third-Party Defendants, however, gives the District Court in Alaska subpoena power over all of the nonparty witnesses at issue except for one located in Arizona. Moreover, Kodiak argues, the most important nonparty witness, the City Engineer and Project Manager for the project who issued the original decision holding Dominion liable for damages, is located in Alaska. (*Id.* at 10.) The chief engineer, Bryan Hudson, and the firm that analyzed the project for Kodiak following the

1  installation difficulties, R&M Construction, are both located in Alaska, as well. (*Id.*) The Court
2  concludes that these three nonparty witnesses that are not under its own subpoena powers, but
3  would be under the District Court in Alaska's subpoena powers, are important witnesses to this
4  case. Therefore, this factor weighs in favor of granting the motion to change venue.

*Sources of Proof*: The parties agree that this factor plays an almost nonexistent role here because most of the discovery documents are now in both parties' custody and control. (Dkt. No. 12 at 11; Dkt. No. 21 at 13.) Therefore, this factor minimally weighs in favor of denying the motion to change venue.

*Forum Selection Clause*: There was no forum selection clause in this matter, therefore, this factor is not relevant to the motion to change venue.

*Public Policy*: Kodiak argues that because the project was funded with Alaska state money and its purpose was to serve the people of Kodiak and the State of Alaska, the administration of justice is better served in Alaska. (Dkt. No. 12 at 12.) Dominion counters that it could be seen as an "outsider" in Alaska, which makes Washington a better forum. (Dkt. No. 21 at 13.) The Court agrees with Kodiak and finds Dominion's arguments unpersuasive. The Alaskan public funds and public interest aspect of this case leads the Court to conclude that this factor weighs in favor of granting the motion to change venue.

Overall, there are only two factors that weigh in favor of granting the motion to change venue: nonparty witnesses and public policy. However, although the nonparty witnesses factor is often the most important, the Court concludes that it does not save this motion because Kodiak has not made a showing that balance of the factors *strongly* favors transfer. Moreover, the nonparty witnesses can be deposed in Alaska and the depositions can be presented as evidence to this Court in Washington. Dominion's choice of forum should be preserved and this motion to change venue is DENIED.

**III.   CONCLUSION**

For the foregoing reasons, Kodiak's motion to change venue (Dkt. No. 12) is DENIED.

DATED this 5th day of January 2017.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE